# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-20-055-RAW |
| | ) | |
| JAYCE MICHAEL MOSQUITO, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the court is the government's notice of intent to admit evidence of other [alleged] child molestation (#76). Defendant is charged with one count of aggravated sexual abuse in Indian country. The indictment charges that the offense was committed on or about June 4, 2018. The alleged incident involved defendant's one-year old daughter. (#77 at pages 2-4 of 11 in CM/ECF pagination). After allegedly being discovered, defendant said he was attempting to change the child's diaper. *Id.*

The government has listed six different other incidents which it seeks to admit into evidence, citing Rules 414 and 404(b) of the Federal Rules of Evidence. All these alleged incidents involve the same individual, referred to as "Child Victim #2" in the notice. Rule 414(a) reads: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."

Rule 414 provides an exception, applicable in criminal child-molestation cases, to the general prohibition of evidence regarding the defendant's propensity to commit crimes or

other bad acts.  *United States v. Mercer,* 653 Fed.Appx. 622, 625 (10th Cir.2016).[1]  Evidence may be admitted under Rule 414 only if it meets three threshold requirements: (1) the defendant is accused of a crime involving child molestation; (2) the evidence admitted shows a prior act of child molestation; and (3) the evidence is relevant.  *Id.* at 631 n.1.

After finding that evidence satisfies the threshold requirements of Rule 414, the district court must apply the Rule 403 balancing test.  *Id.* at 625-26.  Courts are to "liberally" admit evidence of prior uncharged sex offenses, but cannot ignore the balancing requirement of rule 403.  *Id.* at 626.  In applying the Rule 403 test to Rule 414 evidence, the district court should weigh (1) how clearly the prior act has been proved; (2) how probative the evidence is of the material fact it is admitted to prove; (3) how seriously disputed the material fact is; and (4) whether the government can avail itself of any less prejudicial evidence *against* (1) how likely it is such evidence will contribute to an improperly-based jury verdict; (2) the extent to which such evidence will distract the jury from the central issues of the trial; and (3) how time consuming it will be to prove the prior conduct.  *Id.* (italics added).  In its Rule 414 analysis, the court must make a clear record of its reasoning and findings as to the Rule 403 balancing test, and no single factor is dispositive.  *Id.*

In pertinent part, Rule 414 defines "child molestation" as "any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child . . . ."  *See* Rule 414(d)(2)(A).  The

---

[1]"While Rule 414 poses significant problems from the standpoint of the law of evidence it is not unconstitutional on its face.  Similarly, the constitutionality of the rule has been upheld when challenged as applied in particular cases."  23 Wright & Gold, *Federal Practice and Procedure,* §5392 at 733-34 (2018 ed.)(footnotes omitted).

indictment charges defendant with violating 18 U.S.C. §§ 2241(c) and 2246(2)(D). Both statutory sections are part of Chapter 109A. Therefore, defendant is "accused of an offense of child molestation." *See United States v. Chaco,* 2011 WL 3503303, *2, *5 (D.N.M.2011), *aff'd,* 520 Fed.Appx. 694 (10th Cir.2013). Accordingly, the first prong under Rule 414 is satisfied.

The second factor is that the evidence proffered is evidence of the defendant's commission of another offense or offenses involving child molestation. The government's notice represents that "Child Victim #2" is now 23 years old, that defendant is a maternal uncle, and that defendant's sexual abuse of her began when she was five or six years old. This places commencement seventeen or eighteen years ago. The alleged incidents are not given separate approximate dates.

In the first incident, "Child Victim #2" states she was playing with relatives and hiding in a bedroom when defendant entered the room. Defendant grabbed her, laid her down on the floor on her stomach and then pressed himself against her buttocks and started rubbing himself against her. (It is unclear from the notice if this occurred through clothing or not). Defendant stopped when he heard others approaching and told "Child Victim #2" not to say anything.

In the second incident, "Child Victim #2" was asleep in a relative's bedroom. She awoke to defendant taking her pajama pants off. Defendant then removed his pants and began rubbing his penis against her vagina.

3

In the third incident, "Child Victim #2" was playing in a shed "in the backyard" (whose backyard is not described). She was wearing a cat costume. Defendant pushed her against a table and pulled down the costume and her underwear. He took off his pants and rubbed his penis against her buttocks.

In the fourth incident, "Child Victim #2" was "in the backyard" playing by a pond. There was a wooded/fenced area where a family member kept tools. Defendant grabbed her and pushed her against a small table. He removed her pants and underwear and then removed his own. He rubbed his penis against her buttocks.

In the fifth incident, "Child Victim #2" was "in the living room of the house." Defendant sat her down on the couch and took her clothing off. He kissed her from her chest down to her vagina. He pulled down his pants and rubbed his penis against her vagina.

In the sixth incident, when "Child Victim #2" was 14 to 15 years old, defendant was intoxicated at a family bonfire and made sexual noises and "cat called" her.

Simply within the Rule itself, it appears incidents 1-5 meet the second prong depending on the age of "Child Victim #2" at the time of the incidents. "Child" is defined as "a person below the age of 14." Rule 414(d)(1).[2] The Rule defines "child molestation" as a "crime under federal law" involving "contact between the defendant's genitals . . . and [a] part of the child's body." Rule 414(d)(2)(D). *See also* 18 U.S.C. §§2241(c) and 2244(5). This appears applicable to incidents 1-5, if incident 1 did not take place through clothing.

---

[2]At one point, the government appears to represent that "Child Victim #2" was 4 to 5 years old during all the described incidents. (#76 at page 15 of 23 in CM/ECF pagination, ¶2(a)).

As regards the first incident specifically, even if it took place through clothing, it appears to meet the definition of "sexual contact" in 18 U.S.C. §2246(3). *See also* 18 U.S.C. §2244(5). Accordingly, it represents conduct prohibited by chapter 109A that was committed with a child under the age of 14. *See* Rule 414(d)(2)(A). Therefore, if "Child Victim #2" was below the age of 14 at the time of incidents 1-5, those incidents would appear to meet the second prong of the threshold test. The sixth incident does not.

Turning to the third threshold requirement, the court finds the evidence is relevant. *See United States v. Guardia,* 135 F.3d 1326, 1328 (10th Cir.1998)(propensity inference satisfies Rule 401 standard.). *See also United States v. Batton,* 602 F.3d 1191, 1196 (10th Cir.2010). Therefore, the court turns to the balancing required by Rule 403. "The need for such balancing is particularly acute in child molestation cases, which usually are emotionally disturbing." 23 Wright & Gold, *Federal Practice and Procedure,* §5395 at 745 (2018 ed.) (footnote omitted).

The first sub-factor is how clearly the prior act has been proved. Under this factor, the district court must conclude that a jury could reasonably find that the "other act" occurred by a preponderance of the evidence. *United States v. Magnan,* 756 Fed.Appx. 807, 821 (10th Cir.2018). On this sub-factor, the government merely avers that it has "Victim #2, now an adult, prepared to testify as to the molestation perpetrated by the defendant." (#76 at page 16 of 23 in CM/ECF pagination, ¶1(c)).

This seems somewhat of a close call under a minimal record. Nevertheless, the court finds that if the witness testifies as described, and if the jury finds her credible, the jury could reasonably find the other acts occurred. An evidentiary hearing outside the presence of the jury is not required. *United States v. Abrams,* 761 Fed.Appx. 670, 676 (9th Cir.2019). The government of course bears the risk of an acquittal or mistrial if the witness testifies improperly in some fashion.

Next, the court considers how probative the evidence is of the material fact it is admitted to prove. In making this determination the court must also consider still other factors: (1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony. *Magnan,* 756 Fed.Appx. at 821.

The alleged prior acts appear similar to the charged acts. The court agrees with the government that similarity exists because "each involve children related to the defendant, the victims were only two years different in age and that each occurred in secret after the Defendant had access to the child. It should also be noted that the sexual acts committed by the defendant on the victims were very similar." (#76 at page 16 of 23 in CM/ECF pagination, ¶2(e)).

There is a considerable time lapse between the other acts and the charged acts, i.e., early 2000s to 2018. "In [*United States v. Benally,* 500 F.3d 1085 (10th Cir.2007)], we

6

rejected the defendant's staleness argument even though two of the alleged prior acts had occurred approximately forty years prior to trial." *Mercer,* 653 Fed.Appx. at 628. Moreover, similarity of prior acts may overcome staleness concerns. *Id.* The court finds this sub-subfactor in the government's favor as well.

As to the frequency of the prior acts, the proposed testimony shows them to be frequent but over a relatively short period of time. (See footnote 2 of this order). To the extent this goes to the weight of the evidence, it is a matter for cross-examination. The record does not reflect the occurrence of specific intervening events, but perhaps the cessation of such conduct toward "Child Victim #2" may be so considered. *See United States v. Ogden,* 2021 WL 789861, *6 (E.D.Okla.2021). In any event "these subfactors weight in favor of admitting the evidence." *Id.*

Finally, the court is to consider the need for evidence beyond the defendant's and alleged victim's testimony. Given her age, it seems quite unlikely the alleged victim of the charged conduct would testify. Defendant will evidently defend himself by challenging the voluntariness of his statement to law enforcement, and by claiming that he was attempting to change the child's diaper at the time of the charged incident. Therefore, the need for additional evidence appears to be present.

In sum, the court finds that the proposed evidence is probative of the material fact it is offered to prove.

The court next moves to how seriously disputed the material fact is. Defendant will evidently contest his statement to law enforcement and assert he was attempting to change the child's diaper. The court finds in favor of admission in this regard as well. *Cf. United States v. Nieto Regaldo,* 2019 WL 5783730, *10 (N.D.Okla.2019).

Finally, the court considers whether the government can avail itself of any less prejudicial evidence. The case at bar appears to resemble the situation described by Judge Heil in which an adult witness was permitted where the alleged victim of the charged offense was a minor. *See Ogden* 2021 WL 789861 at *6-7. The court finds this factor also weighs in favor of admission.

The court now must weigh the countervailing factors. First, how likely it is such evidence will contribute to an improperly-based verdict. The court is persuaded such risk is minimized through the use of a limiting instruction.[3]

In considering the extent to which the evidence will district the jury from the central issues of the trial, the court again finds that a limiting instruction will alleviate risk. The jury is presumed to follow a limiting instruction. *See United States v. Eads,* 191 F.3d 1206, 1209 (10th Cir.1999).

Finally, it does not appear the evidence regarding the prior conduct will be overly time-consuming. It constitutes the testimony of a single witness. The government promises

---

[3]The Tenth Circuit recently stated: "It is unclear if a limiting instruction in these circumstances is even required with the admission of Federal Rule of Evidence 414 evidence." *United States v. Regalado,* 2021 WL 193524 n.2 (10th Cir.2021). This court intends to give such an instruction.

to present the testimony in a concise manner.  (#76 at page 19 of 23 in CM/ECF pagination, ¶3(c)).  Of course, defense counsel is entitled to conduct cross-examination, but the testimony involves a total of five prior alleged incidents.

Accordingly, after conducting the requisite balancing under Rule 403, the court finds the first five alleged incidents described in the government's notice are admissible under Rule 414.  The sixth alleged incident is excluded.

The government also seeks admission of the prior alleged acts pursuant to Rule 404(b) on the issues of motive, intent, and absence of mistake or accident.  (#76 at page 22 of 23 in CM/ECF pagination).   The same evidence may be admissible under both rules. *See, e.g., United States v. Tolbert,* 2019 WL 2893846 (D.N.M.2019).  In regard to this rule, four factors are to be considered: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a rule 403 determination of whether the probative value of the evidence is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Rule 105 F.R.Evid., the trial court shall, upon request instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it is admitted.  *United States v. Smalls,* 752 F.3d 1227, 1237 (10th Cir.2014).

The court finds all four prongs are satisfied as to incidents 1-5.  The sixth proffered incident, not admissible under Rule 414, will not be admitted pursuant to Rule 404(b) either. The evidence is offered for a proper purpose, i.e., to demonstrate an evidentiary hypothesis permitted by the rule.  To contradict defendant's explanation (at least at the time of the

charged conduct) that he merely intended to change the child's diaper, evidence of previous incidents indeed goes to motive, intent, and absence of mistake or accident. On that same basis, the evidence is relevant. The evidence is of course prejudicial to some extent, but the court finds the probative value is not substantially outweighed by its potential for <u>unfair</u> prejudice. Again, and as contemplated by the fourth prong, the court will instruct the jury to consider the evidence only for the limited purposes for which it is admitted.[4]

Defendant objects on the grounds of relevance, prejudice, and remoteness in time. (#83). These issues have been addressed. Defendant also contends he will be compelled to testify about uncharged conduct when he might otherwise remain silent. Such is the situation when Rule 404(b) evidence is admitted as well. The court will instruct the jury that a defendant's decision not to testify may not be held against him. The Tenth Circuit has held that Rule 414 evidence may be presented in the government's case-in-chief, not merely in rebuttal. *See United States v. McHorse,* 179 F.3d 889, 899 (10th Cir.1999).

It is the order of the court that the first five incidents described in the government's notice (#76) will be admitted pursuant to Rules 404(b) and 414 of the Federal Rules of Evidence. The sixth incident will not be admitted under either rule.

This ruling is preliminary and subject to reconsideration as the trial proceeds.

---

[4]There is some tension regarding the same evidence admitted under <u>both</u> Rule 404(b) and Rule 414. The latter rule more broadly states "[t]he evidence may be considered on any matter to which it is relevant." The Eighth Circuit, for example, appears to seek to address both rules in its pattern instruction. *See Eighth Circuit Manual of Model Jury Instructions (Criminal)* §2.08A.

**ORDERED THIS 5th DAY OF APRIL, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**